UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACQUELINE A., | |
| Plaintiff, | CASE NO. 2:20-CV-4-DWC |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating the opinion of Plaintiff's treating physician, Dr. Krehbiel. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 14, 2017, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of January 24, 2011. Administrative Record ("AR") 16, 145-51. Her application was denied upon initial administrative review and on reconsideration. AR 16, 87-89, 95-101. A hearing was held before ALJ Glenn G. Meyers on September 4, 2018. AR 34-64. In a decision dated November 21, 2018, the ALJ found that Plaintiff was not disabled. AR 13-29. The Social Security Appeals Council denied Plaintiff's request for review on November 7, 2019. AR 1-7. The ALJ's decision of November 21, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by not providing clear and convincing reasons for discounting the opinion of Plaintiff's treating physician, Alice Krehbiel, M.D. Dkt. 10, pp. 3-9.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly evaluated the medical opinion evidence.**

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On March 16, 2017, Dr. Krehbiel, Plaintiff's treating physician for over a decade, offered an opinion concerning her functional limitations. AR 373-74. Dr. Krehbiel detailed Plaintiff's numerous medical impairments, and stated that they "significantly" impact her functional capacity. AR 373. Dr. Krehbiel stated that Plaintiff's cerebral palsy from childhood left her with lifelong left upper and lower extremity weakness that preclude her standing for long periods of time or walking more than short distances. *Id.* Dr. Krehbiel added that Plaintiff's multiple sclerosis causes problems with balance and fatigue, leading to falls several times per month, and exhaustion that at times allows her to be up and out of bed no more than 6 hours per day. *Id.* Dr. Krehbiel further noted that Plaintiff is legally blind in her right eye, is unable to read out of that

eye even with 200 percent magnification, and that any attempt to read for more than a few minutes at a time causes intense and persistent headaches. AR 373-74.

Here, the state agency consultants who examined Plaintiff's medical records both opined that there was insufficient evidence to offer an opinion concerning Plaintiff's functional capacity. AR 72-75, 83-85. The other opinions in the record, from Eugene May, M.D. and Waqqar Khan-Farooqi, M.D., are dated June 11, 2006 and June 16, 2009 respectively, long before Plaintiff's alleged onset date. AR 1536-37. As such, Dr. Krehbiel's opinion concerning Plaintiff's functional capacity during the period at issue is uncontradicted, and the ALJ was required to provide clear and convincing reasons for discounting it.

The ALJ assigned "little weight" to Dr. Krehbiel's opinion, reasoning that because her opinion post-dated Plaintiff's date last insured, it was irrelevant in determining Plaintiff's functional capacity prior to her date last insured. AR 26.

Medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988). A medical opinion or evaluation may be relevant even if several years have passed between the date last insured and the date of the examination. *Id.* However, a retrospective opinion may be discredited if it is inconsistent with, or unsubstantiated by, medical evidence from the period of claimed disability. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.1995).

Here, Dr. Krehbiel's opinion explicitly notes that it is based on her treating relationship with Plaintiff going back more than a decade, and the limitations contained in her opinion clearly relate to the period before Plaintiff's date last insured. AR 373. Further, in evaluating Dr. Krehbiel's opinion, the ALJ has not explained how the limitations contained in her opinion are inconsistent with medical evidence from the period at issue. *Pinto v. Massanari*, 249 F.3d 840,

847 (9th Cir. 2001) (The Court cannot affirm an ALJ's decision on a ground that the agency did not invoke in making its decision) (internal citations omitted).

Accordingly, the ALJ erred in evaluating Dr. Krehbiel's opinion.

## II.     Additional evidence.

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 65-66. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability of changing the outcome. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question provides additional information concerning Plaintiff's visual impairments. AR 65-66. The ALJ shall evaluate this evidence as appropriate on remand.

## III.    Remedy.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must re-evaluate the opinion of Dr. Krehbiel on remand. As such, there are outstanding issues to be resolved, and remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 13th day of July, 2020.

David W. Christel
United States Magistrate Judge